# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
BRIAN R. BLOOMFIELD, BAR NO. 8349.

No. 68687

**FILED**

MAR 25 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF DISBARMENT*

This is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Brian R. Bloomfield be suspended from the practice of law for five years based on violations of RPC 1.1 (competence), RPC 1.15(a) (safekeeping property), RPC 3.1 (meritorious claims and contentions), RPC 3.3(a) (candor towards tribunal), RPC 3.4 (fairness to opposing party and counsel), RPC 4.1 (truthfulness in statements to others), RPC 5.3 (responsibilities regarding non-lawyer assistants), RPC 8.4(a) (violation or attempt to violate the RPC), RPC 8.4(b) (criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness), RPC 8.4(c) (conduct involving dishonesty), and RPC 8.4(d) (conduct prejudicial to the administration of justice).[1] The panel further recommends that Bloomfield be required to (1) pay the costs of the disciplinary proceedings, (2) complete at least eight hours of continuing legal education in ethics each year during his suspension, (3) refrain from engaging in the commission of any other criminal offenses, and (4) successfully complete

---

[1] This court temporarily suspended Bloomfield from the practice of law and referred him for disciplinary proceedings in June 2014. *In re Discipline of Brian Bloomfield*, Docket No. 65705 (Order of Temporary Suspension and Referral to Disciplinary Board, June 24, 2014).

 
16-09484

the Multistate Professional Responsibility Exam before applying for reinstatement. If reinstatement is granted at the end of the suspension period, the panel recommends that Bloomfield be mentored for the first 18 months of his restored practice by an attorney approved by Bar Counsel and that the mentor provide monthly reports to the State Bar identifying Bloomfield's progress and/or concerns.

The sole issue in this appeal is the appropriate discipline. We review de novo the disciplinary panel's findings and recommendations. SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992).[2] The purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). In determining the appropriate discipline, this court has considered four factors to be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

The violations here are related to Bloomfield's guilty pleas to two category C felonies (offering false instrument for filing or record and forgery) and two gross misdemeanors (conspiracy to commit a crime and destroying evidence) and conduct related to those offenses. In particular, Bloomfield knowingly submitted false and forged documents showing his

___

[2]SCR 105(3)(b) has been amended to give deference to a disciplinary panel's factual findings. *See In re Amendments to Court Rules Regarding Attorney Discipline, Specifically, SCR 105*, ADKT 0505 (Order Amending Supreme Court Rule 105, November 5, 2015). This change has no effect in this case, as the recommended discipline is grounded on criminal conduct admitted to in Bloomfield's guilty plea and the facts are undisputed.

 

clients had completed court-ordered counseling or community service and misrepresented to the court and the district attorney that his clients had completed the required counseling or community service when he knew in fact they had not.

In the absence of mitigating factors, disbarment is appropriate in cases where an attorney has (1) engaged in "serious criminal conduct" that includes as a necessary element intentional interference with the administration of justice, misrepresentation, or fraud, ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 5.11(a) (2015); (2) engaged in "intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice," *id.* Standard 5.11(b); or (3) made false statements or submitted false documents with the intent to deceive the court, causing serious injury to a party or causing significant or potentially significant adverse effects on the legal process, *id.* Standard 6.11. As there is no dispute that Bloomfield engaged in such conduct, we consider the mitigating factors that the hearing panel determined warrant suspension rather than disbarment. The hearing panel recognized Bloomfield's lack of a prior discipline history, his personal or emotional problems, and his cooperation, and it particularly focused on his remorse and positive character witnesses in determining that he had a potential for redemption, indicating that there is a chance for Bloomfield to become a valuable member of the legal community. Even considering the mitigating circumstances, we are convinced that based on the seriousness of the violations, the duties violated, and the adverse effects on the legal process, as well as several aggravating factors, including dishonest or selfish motive and multiple

offenses, disbarment is necessary to protect the public, the courts, and the legal profession.

We hereby disbar attorney Brian R. Bloomfield from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). Bloomfield shall pay the costs of the disciplinary proceeding within 30 days from the date of this order. *See* SCR 120(1). The parties shall comply with the relevant provisions of SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                                              Douglas

_____, J.          _____, J.
Cherry                                                 Saitta

_____, J.          _____, J.
Gibbons                                               Pickering

cc:    Chair, Southern Nevada Disciplinary Board
       William B. Terry, Chartered
       Stan Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court